IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA CLYCE and MARK CLYCE, § | | |
| Individually and as next friends of § | | |
| CHANCE CLYCE, a minor, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:09-CV-0351-N |
| § | | |
| HUNT COUNTY, TEXAS, *et al.*, § | | |
| § | | |
| Defendant. § | | |

## **ORDER**

This Order addresses Defendants James A. Brown, Tina R. Jobe, and Anthony Searcy's motion for summary judgment [34].  Because qualified immunity bars Plaintiffs' claims against Brown, Jobe, and Searcy, the Court grants the motion.  In addition, the Court dismisses Plaintiffs' official capacity claims because they are redundant.

### I. ORIGINS OF THE MOTION

This case arises out of injuries that Chance Clyce, a minor, obtained at the Hunt County Juvenile Detention Center (the "detention center").  Donna and Mark Clyce (collectively, "Plaintiffs"), individually and as next friends of Chance Clyce ("Clyce"), filed this suit against Hunt County, Texas, the Hunt County Juvenile Board, and a number of individual defendants, seeking relief under 42 U.S.C. § 1983 and the Texas Tort Claims Act.  Relevant to this motion, Plaintiffs allege constitutional violations by three of the individual defendants – Brown, Jobe, and Searcy – based on Clyce's treatment at the detention center.

Specifically, they claim that Jobe and Searcy subjected Clyce to inhumane living conditions – for instance, by leaving him in a cell with an overflowing toilet, human waste, and no running water – and disregarded Clyce and his family's pleas that he receive medical attention. *See* Compl. [1]; Rule 7(a) Reply [31]. In addition, they allege that Brown implemented policies, procedures and customs that failed to provide detention center detainees with proper medical care or treatment and that he failed to properly supervise or train detention center officers. *See id.* In affidavits submitted alongside their summary judgment motion, Brown, Jobe, and Searcy dispute these allegations.

Brown, Jobe, and Searcy filed the instant motion for summary judgment in February 2010. Plaintiffs sought additional time to respond to the motion, so that the parties could engage in discovery related to the qualified immunity defenses at issue. *See* Unopposed Mot. for Extension of Time [36]. Ultimately, the parties agreed to conduct depositions and exchange relevant documents, and asked Court to extend the Plaintiffs' response deadline to June 19, 2010. The Court granted their request. *See* Electronic Order of June 3, 2010. Now that the parties have engaged in substantial discovery, Plaintiffs have elected not to respond to the motion for summary judgment. Thus, the only evidence in the record is that which Brown, Jobe, and Searcy submitted in the appendix to their motion for summary judgment in February.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, courts need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In doing so, the nonmovant may not rely on "naked assertions of an actual dispute" but instead "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *In re Lewisville Props., Inc.*, 849 F.2d 946, 950 (5th Cir. 1988) (citing *Anderson*, 477 U.S. at 255–56). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish an element essential to its case, the Court must grant summary judgment. *Celotex*, 477 U.S. at 322–23.

### III. QUALIFIED IMMUNITY STANDARD

A government employee sued for a constitutional violation under section 1983 may raise the defense of qualified immunity. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It shields "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

In assessing a defendant's assertion of qualified immunity, reviewing courts typically engage in the two-pronged analysis established in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson*, 129 S. Ct. at 818. Under the first prong, a court determines whether the alleged facts, viewed in the light most favorable to the plaintiff, are sufficient to show that the defendant violated the plaintiff's constitutional rights. *Id.* at 201–02. Under the second prong, a court considers whether the constitutional right was clearly established, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Lower courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be

addressed first in light of the circumstances of the particular case at hand." *Pearson*, 129 S. Ct. at 818.

Once a defendant raises the defense of qualified immunity, the Plaintiff bears the burden to demonstrate that it does not apply. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). In the summary judgment context, courts "no longer [permit the plaintiff] to rest on the pleadings" and, instead, consider the evidence in the record in the light most favorable to the plaintiff. *McClendon*, 305 F.3d at 323 (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). In accordance with the *Saucier* test, the plaintiff must demonstrate a genuine issue of material fact: "(1) that the defendants violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable." *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 (5th Cir. 2007) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992)).

Jobe, Searcy, and Brown seek summary judgment because they are entitled to qualified immunity. The Court turns first to Jobe and Searcy, detention officers at the detention center, and second to Brown, their supervisor.

### IV. JOBE AND SEARCY ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiffs allege that Jobe and Searcy violated Clyce's constitutional rights by subjecting him to unsanitary living conditions and denying him necessary medical treatment. In order to succeed on either of these claims, Plaintiffs must show that the detention center officials acted with deliberate indifference. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (deliberate indifference is an element of a conditions of confinement claim);

*United States v. Gonzales*, 436 F.3d 560, 573 (5th Cir. 2006) (deliberate indifference is an element of a denial of medical treatment claim).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires both that the "government official have 'subjective knowledge of a substantial risk of serious harm to a pretrial detainee' and that the government official respond with 'deliberate indifference to that risk.'" *Gonzales*, 436 F.3d at 573 (quoting *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). A plaintiff "must raise a fact issue as to whether confining officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Cooper v. Johnson*, 353 F. App'x 965, 968 (5th Cir. 2009) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Jobe and Searcy filed affidavits and incident reports disputing Clyce's allegations with their summary judgment motion. *See* Defs.' App. at 44-54 [34-1]. For example, they deny that Clyce was housed in a cell with overflowing toilets, human waste, and no running water. *Id.* Further, they assert that Clyce received medical treatment as soon as possible and that they relied on the diagnosis and decisions made by Clyce's medical provider in assessing and treating his medical need. *Id.* In sum, they submit evidence that directly contradicts Plaintiffs' allegation that they acted with deliberate indifference.

Plaintiffs offer no controverting evidence. Thus, they fail to establish a genuine issue of material fact that Jobe and Searcy acted with deliberate indifference. Because Plaintiffs

cannot meet their burden to show that Jobe and Searcy are not entitled to qualified immunity, the Court grants summary judgment in favor of Jobe and Searcy.

## V. BROWN IS ENTITLED TO QUALIFIED IMMUNITY

Plaintiffs allege that Brown failed to train and supervise subordinate officials and implemented policies and procedures that violated Clyce's constitutional rights. "Liability under Section 1983 for a supervisor may exist based either on '(1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987)). Absent "overt personal participation" in the events that give rise to the alleged constitutional violations, a plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id.* at 274 (quoting *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). In the context of supervisory liability, proof of deliberate indifference generally requires a showing of "more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Id.* (quoting *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)). "A limited exception for single-incident liability exists only 'where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train.'" *Brumfield v. Hollins*, 551

F.3d 322, 329 (5th Cir. 2008) (quoting *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)). In any case, deliberate indifference is a "'conscious' choice to endanger constitutional rights." *Id.* (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998)).

In an affidavit filed with his summary judgment motion, Brown indicates that he had no personal involvement in the decisions concerning Clyce's receipt of medical attention and treatment. *See* Defs.' App. at 5. Further, Brown states: "I am certain that at no time was Chance Clyce or any other juvenile housed in a cell with overflowing toilets and human waste. There is no documentation, records or complaint, that Chance Clyce or any juvenile were ever housed in a cell with overflowing toilets and human waste." *Id.* at 7. Additionally, he indicates that the detention center was in compliance with the state's requirements and that he did not implement a policy or procedure that violated Clyce's constitutional rights. *Id.* at 8. To support this claim, Brown submitted three detention facilities performance rating profiles, which indicate that the detention center was in compliance with state standards. *Id.* at 9-43. In sum, Brown offers evidence which rebuts Plaintiffs' allegation that he engaged in any wrongful conduct that was causally connected to a violation of Clyce's constitutional rights or acted with deliberate indifference.

Again, Plaintiffs offer no controverting evidence. Thus, they fail to establish a genuine issue of material fact that Brown failed to supervise and train subordinate officials and that such failure was causally connected to a deprivation of Clyce's constitutional rights. Because Plaintiffs cannot meet their burden to show that Brown is not entitled to qualified immunity, the Court grants summary judgment Brown's favor.

## VI. PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST BROWN ARE REDUNDANT

In addition to their individual capacity claims addressed above, Plaintiffs assert section 1983 claims Brown in his official capacity, as well as against Hunt County. However, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Because the Court must treat all claims that Plaintiffs assert against Brown in his official capacity as claims against Hunt County, Plaintiffs' official capacity claims are redundant. *See Cooper v. Dallas Police Ass'n*, 261 F. App'x 735, 735 (5th Cir. 2008) ("We also agree with the district court that Cooper's claim against White, who was sued only in his official capacity, is redundant." (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999))); *K.T. v. Natalia I.S.D.*, 2010 WL 1484709 (W.D. Tex. 2010) ("The Court will dismiss the official capacity claims against Superintendent Moczygemba and Board President Alvarado in their official capacities because the section 1983 claims against them are redundant of the section 1983 claim against the District."). Accordingly, the Court dismisses all of the Plaintiffs' official capacity claims against Brown.[1]

## CONCLUSION

---

[1] Plaintiffs do not specify whether their claims against Jobe and Searcy arise in their individual capacities, official capacities, or both. To the extent that the Plaintiffs intended to assert official capacity claims against Jobe and Searcy, the Court's holding applies to those claims with equal force. Accordingly, the Court dismisses Plaintiffs' official capacity claims, if any, against Jobe and Searcy.

Because Jobe, Searcy, and Brown are entitled to qualified immunity, the Court grants their motion for summary judgment on Plaintiffs' individual capacity claims. In addition, the Court dismisses Plaintiffs' official capacity claims because they are redundant.

Signed August 24, 2010.

_____
David C. Godbey
United States District Judge